RECEIVED

2005 DEC 30  A 10: 29

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

MICHAEL JOHNSON,                    :
AIS# 146037,
                                    :

                                    :

VS.                                 :    CIVIL ACTION NO. 2:05CV1238-F
                                    :

                                    :

OFFICER MUNCHIE KEATON, COI
AND CAPTAIN JEFFERY KNOX,           :

    DEFENDANTS.


## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff submit this memorandum of law in support of their
Motion for a Preliminary Injunction.

In determining whether a preliminary injunction should
issue. A court must consider whether the party seeking the
injunction has demonstrated that: (1) it has a reasonable
likelihood of success on the merits of the underlying claim; (2)
no adequate remedy at law exists; (30 it will suffer irreparable
harm if the preliminary injunction is denied; (4) the irreparable
harm the party will suffer without injunction relief is greater
than the harm the opposing party will suffer if the preliminary
injunction is granted; and (5) the preliminary injunction will
not harm the public interest. **Ty, Inc. v. Jones Group, Inc.**, 237
F.3d 891, 895 (7th Cir. 2001); **Platinum Home Mortgage Corp. V.**

<u>Platinum Fin. Group, Inc</u>., **149 F.3d 722, 726 (7th Cir. 1998).**

(1) THERE IS A REASONABLE LIKELIHOOD THAT PLAINTIFF WILL SUCCEED ON THE MERITS IN THIS CASE.

In **Cooper v. Salazar**, 196 F.3d 809, 813 (7th Cir. 1999), the Court ruled that the threshold for showing a reasonable likelihood of success is low. Plaintiff need only demonstrate a better than negligible chance of succeeding. Here, Plaintiff is very likely to prevail on the merits. Retaliation offends the Constitution because it threatens to inhibit exercise of the protected right. **Crawford-El v. Britton**, 523 U.S. 574, 588 (1998). The First Amendment prohibits jail and prison officials from retaliating against inmates who report complaints, file grievances, or file law suits. **Allah v. Seiverling**, 229 F.3d 220, 224 (3rd Cir. 2000).

Defendants have demonstrated their lack of interest to Plaintiff and others Constitutional Right to access to Courts, or rights to assist each other in preparation of legal documents. It is well settled that the state may not harass or intimidate jail house lawyers for their law related activities. See **Young v. Calhoun**, 656 F.Supp. 970 (S.D.N.Y. 1987).

Defendants know that their policy of harrassment and confiscation of legal documents are in gross violation. Nevertheless, defendants have failed to respond reasonably, which

-2-

amounts to a violation of constitutional magitude.

II. PLAINTIFF FACE A SUBSTANTIAL THREAT OF IRREPARABLE HARM.

Irreparable harm will result unless an injunction is granted in this case. As a result of actions by the defendants, plaintiff has suffered serious mental issues placing fear in performing a needed duty. Inmate Elmore Nichols, AIS# 129913, and Donlad Grier, AIS# 182885 had Federal Court Orders to respond to; yet could not reply as directed,  because the defendants confiscated their legal documents not returning them until December 20, 2005, respectfully.

Other inmates include:

| | | | |
|---|---|---|---|
| Ahmad Williams | 209290 | Leroy Wright | 107449 |
| Christopher Jordan | 205989 | Charles Peterson | 193772 |
| William Sashner | 105431 | Rodney Johnson | 143497 |
| Joe Rudolph | 188324 | | |

whereas information was attempted to be gathered that Johnson charged a fee for legal services. All inmates denied the allegation. Johnson and others fear that prison officials will continue such actions until they find someone to fabricate claims against Johnson.

Any remedy at law for Plaintiff's treatment would be

-3-

inadequate. See **Jolly v. Cougjlin**, 76 F.3d 468, 482 (2nd Cir.
1996), finding that Plaintiff had sustained irreparable harm that
cannot be adequately compensated monetarily as a result of
retaliatory measures used by the defendants, and making the law
library a place of fear and intimidation for doing legal work.

II. THE THREATENED HARM TO PLAINTIFF OUTWEIGHS ANY HARM THAT
THE INJUNCTION MAY CAUSE DEFENDANTS.

The treat of harm to the plaintiff outweights any harm that
might result to defendants by a preliminary injunction. As this
memorandum has explained plaintiff and other inmates at the
Easterling Correctional Facility are exposed to an ongoing
substantial risk of serious harm, where defendants will be
allowed to harass and intimidate; thus even confiscate legal
documents from them.

The relief that plaintiff seeks is essentially an order
compelling defendants to perform their preexisting duties under
the United States Constitution. See **Farmer v. Brennan**, 511 U.S.
825 (1994).

The proposed relief is narrowly tailored to remedy the
ongoing violation of Plaintiff's constitutional rights and to
prevent the occurrence of irreparable harm in the future. See 18
U.S.C. § 362(a). It will not cause defendants any real harm.

-4-

IV THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION

Finally, plaintiff seeks a preliminary injunction to protect their rights under the First Amendment. As a general matter. The public interest... is always well served by protecting the constitutional rights of all its members. **Reinert v. Haas**, 585 F.Supp. 477, 481 (S.D. Iowa 1984). See also **Spartacus Youth League v. Board of Trustees**, 502 F.Supp. 989, 804 (N.D.Ill. 1980) (finding that the ultimate public interest lies in the protection of the Constitutional Rights which Plaintiff assert). The public interest is not served by defendants current practice of subjecting inmates to discipline for their rights to aide others in Access to the Court issues.

## CONCLUSION

For these reasons, Plaintiff ask this court to order defendants, their successors, agents, employees, and all persons acting in concert with them to provide plaintiff and other inmates at the Easterling Correctional Facility to refrain from the unreasonable unsupported claims to impose disciplinary action; and subjecting disciplinary action based on Rule Infractions not included in ADOC's Administrative Regulations.

Respectfully submitted, this 29ᵀᴴ day of December, 2005.

-5-

Plaintiff, Michael Johnson
146037 (7A-96)
200 Wallace Drive
Easterling Prison
Clio, Alabama 36017