IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, #146037, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1238-MEF |
| | )                    [WO] |
| | ) |
| MUNCHIE KEATON, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Michael Johnson ["Johnson"], a state inmate, asserts violations of his constitutional rights with respect to a disciplinary lodged against him for his possession of legal work belonging to other inmates. Johnson filed a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.* In this motion, Johnson requests issuance of an injunction allowing him to assist other inmates "in legal matters without fear of retaliation and confiscation of their legal material." *Motion for Preliminary Injunction - Court Doc. No. 3* at 2.

Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four

prerequisites which Johnson must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Johnson outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The law is well settled that Johnson does not possess any special First Amendment right to provide legal assistance to his fellow inmates. *Shaw v. Murphy*, 532 U.S. 223, 226,

121 S.Ct. 1475, 1477 (2001). Moreover, Johnson is "incorrect in his assumption that [inmates possess] a free standing right to receive legal advice" from other inmates. *Id*. at 231, 1480 n.3. Consequently Johnson fails to present any evidence of a substantial likelihood of success on the merits or that he will suffer irreparable harm absent issuance of a preliminary injunction. He also fails to establish that upon balancing the equities of the parties issuance of an injunction would be in the public interest. The pleadings before the court therefore fail to establish that Johnson meets each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction filed by the plaintiff on December 30, 2005 be DENIED.

It is further

ORDERED that on or before January 19, 2006 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in

the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. WainJohnson*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 6th day of January, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE