RECEIVED

2006 JAN 19 A 9:39

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, #146037, | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. 2:05cv1238 WKW |
| | ) CV-1238-MEF |
| | ) [WO] |
| MUNCHIE KEATON, et al., | ) |
| DEFENDANTS. | ) |

## OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE

Comes now the Plaintiff, Michael Johnson, in the above entitled cause, by and through himself and moves this Court to set aside the "Recommendation of the Magistrate Judge" and set this matter for further proceeding, stating the following in support:

(1) The Magistrate report clearly demonstrates that Johnson is attempting to receive a process that would render him a free standing to provide legal assistance to fellow inmates. This is not the assertions alleged;

(2) Johnson respectfully request a preliminary injunction to issue, so that he and his fellow inmates will be free of

retaliation. Johnson states that he should not be retaliated against for his assistance in an exercise of a First Amendment Right to "Access to the Courts". At page 7 (Plaintiff's Complaint Attachment), states clearly in the third paragraph the following: "Johnson usually does not prepare legal papers, whereas the confiscated legal documents were not pleadings created by or prepared by Johnson. It is rare that Johnson would actually prepare documents. However, even if Johnson acted as a jail-house lawyer there are no known provisions which prohibit such action".

Johnson does not and have not claimed that he has or attempting to gain a free standing to provide legal assistance to fellow inmates. However, he does claim that if such assistance is provided, he should be free of harrassment or intimadation as expressed in **Young v. Calhoun**, 656 F.Supp. 970 (S.D.N.Y. 1987).

Johnson also demonstrated that some of the documents confiscated from the law library were documents that were active in the Courts. Those belonging to Inmate Elmore Nichols had a Court Order for on or about January 12, 2006, to respond on his Federal Habeas Corpus pursuant to USCS 28 § 2254. Also Inmate Donald Grier AIS# 182885, was seeking aide in his Federal Habeas Corpsu Civil Action No. 3:05-CV-769-F, which the United States District Court, for the Middle District of Alabama, (Eastern Division), extended his response time to December 12, 2005, yet,

could not respond first due to confiscation of legal document, and next due to fear of being aided, where Johnson's assistance was ended, due to his lock up in segregation, as well as not knowing whether it would be in violation of a rule to continue aiding inmates with legal work.

Johnson has claimed that he has been the victim of retaliation for his exercise of a First Amendment Right to Access to the Court. Therefore, the claim entered against the defendants was a First Amendment Retaliation Claim, not attempting to gain a free standing to do legal work.

The facts clearly demonstrate that Johnson was retaliated against for doing or alleged to have done legal work. The circumstances which segregated him from population is again as follows: "**You, Inmate Michael Johnson, B/146037, did have several other inmates legal work in your work area in the Law Library. Per captain Knox you did not have permission to do legal work for other inmates**".

Johnson attempted to demonstrate that he did have permisison to have in his possession the legal documents, stating that he had service agreements for all confiscated legal material, reflected as Plaintiff's Exhibit A (TRO) (copy of Inmate Service Agreement). On December 19, 2005, by written reply the assistance Warden returned a letter Johnson had sent to him, respectfully

-3-

requesting to consider the "Inmate Service Agreements" which had been approved by Officer Brian Gavins, COI (Law Library Supervisor). Warden II C. Davenport clearly in red ink responded "No consideration given".

No consideration given to the fact that the Officer asserted as the warden's designee for charge of the library had approved procedures used by Johnson. No consideration given that nothing in the Alabama Department of Corrections rules and Regulations prevented the practice which Johnson was segregated for. No consideration given to the fact that Johnson worked under the direct supervision of the warden's designee for the Law Library (Officer Bryan Gavins, COI).

In the United States Supreme Court case of **Crawford-El v. Britton**, 523 U.S. 574, 140 L. Ed 2d 759, 118 S.Ct. 1584 (1998) the Court Ruled that it was held that the prisoner was not required to adduce clear and convincing evidence of improper motive in order to defeat the officer's summary judgment motion with respect to the First Amendment retaliation claim, as (1) it would not be unfair to hold the officer accountable for actions that she knew, or should have known, violated the prisoner's constitution rights. This case alleged that a corrections officer retaliated for the prisoner's exercise of free speech rights

under the Federal Constitution's First Amendment-by deliberately misdirecting the prisoner's belongings that were to be sent to a facility to which the prisoner had been transferred.

In the case with Johnson, he has held the job of Inmate Law Library Clerk at the Easterling Prison since on or about August, 1999. He is tasked with aiding inmates with their legal matters, including segregation units of dormitory 5 and 6A. His job along requires the possession of legal material and to aide inmates in grievances, civil action, criminal matter, and matters affecting the classification units. Johnson has performed this task without informing the staff of work done by inmates, and without submitting to advances of being an informer. This practice, as defendant Knox placed it, if you don't talk, I'll lock you up, and aiding inmates with their legal matters, caused retaliation of ensuring a First Amendment Right.

Johnson demonstrates with the case of **Hines v. Gomez**, 108 F.3d 265, 269 (9th Cir. 1997) the Court ruled that retaliatory punishment of ten-day confinement in segregation and loss of television privileges; privileges may still base retaliation claims on harms that would not raise due process concerns.

Wherefore, the premises considered, the Plaintiff prays this Court re-evaluate the claims he submitted, and grant a Preliminary Injunction as requested.

Dated: 12 January 2005

Respectfully submitted,

*Michael Johnson* (signature)

Michael Johnson
146037 (7A-96)
200 Wallace Drive
Easterling Prison
Clio, Alabama 36017-2615

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I HAVE SERVED A COPY of the FOREGOING UPON the State of Alabama, Department of Corrections, Legal Division At 301 S. Ripley Street, Montgomery, Alabama 36030, by placing A COPY of the SAME in the Prison Mail box For United States Mail on the 13th day of January, 2006.

*Michael Johnson*
MICHAEL JOHNSON