IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL JOHNSON, #146037** | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) 2:05-CV-1238-WKW |
| **MUNCHIE KEATON, ET AL.** | ) |
| | ) |
| Defendant(s). | ) |
| | ) |
| | ) |

## SPECIAL REPORT

COME NOW the Defendants, **Munchie Keeton and Jeffery Knox**, by and through undersigned counsel, and in accordance with this Honorable Court's January 17, 2006, Order, offer the following written report.

## PARTIES

1. The plaintiff, Michael Johnson, is currently and Alabama Department of Corrections (ADOC) inmate incarcerated at Easterling Correctional Facility (ECF).

2. Defendant Munchie Keeton is currently employed by ADOC at ECF as a Correctional Officer I.

3. Defendant Jeffery Knox is currently employed by ADOC at ECF as a Correctional Officer Supervisor II.

## EXHIBITS

Exhibit 1 – Affidavit of Jeffery Knox

Exhibit 2 – Affidavit of Mucnhie Keeton

Exhibit 3 – ADOC Administrative Regulation 403

1

Exhibit 4 – Affidavit of Jeffery Knox with ECF Standard Operating Procedure 47 attached

## **PLAINTIFF'S CLAIMS**

The plaintiff alleges on December 8, 2005, at 3:00 p.m. defendant Munchie Keeton entered the law library, where plaintiff served as a law library clerk. Plaintiff alleges Keeton shook him down in the library area and reviewed the legal documents he found. Plaintiff claims he explained to Keeton that most of the legal papers were inactive and a few were current and plaintiff inmate needed to give assessments of those documents to other inmates.

Plaintiff alleges that any legal assistance he has given other inmates has been properly documented by an "Inmate Service Agreement" and verified (approved) by the library supervisor Officer Bryan Gavin.

Plaintiff complains that Keeton confiscated his legal documents and made plaintiff return to his living area so Keeton could shake down his living area. Plaintiff was required to report to defendant Captain Jeffery Knox who accused him of doing legal work for inmates and employees.

On December 11, 2005, plaintiff was place in restricted segregation for performing non-permitted legal work for other inmates. Plaintiff was served a citation for Possession of Contraband, a Rule 64 violation.

Plaintiff asserts that Keeton and Knox conspired to fabricate a rule infraction to discipline plaintiff and it appears he alleges that he was charged incorrectly and in fact, he was not guilty of possession of contraband, but in fact his violation should have been a Rule 83 – accepting compensation of legal services.

Plaintiff's thirteen page complaint states many superfluous facts and includes vagaries, such as a general allegation of a violation of his constitutional rights, but he fails to state which constitutional right was allegedly violated. The undersigned's best guess is that he is alleging a constitutional right to practice jail house law; a due process violation regarding his transfer to Dorm 6(A); a retaliation claim against the defendants for punishing him when he had a "constitutional right" to practice jailhouse law; and a vague conspiracy to retaliate.

## DEFENDANTS' RESPONSE

Defendants respond to the plaintiff's complaint as follows:

1. Defendants deny each and every material allegation of the plaintiff and demand strict proof thereof.

2. Defendants plead the affirmative defenses of absolute and qualified immunity.

3. Defendants assert that the plaintiff has failed to state a claim upon which relief can be granted.

4. Defendants deny that any of the plaintiff's constitutional rights have been violated.

5. Defendants assert that the plaintiff has failed to show there is any genuine issue of the material facts of this case.

## STATEMENT OF FACTS

On December 8, 2005, at 9:00 a.m. Officer Jeffery Knox received information that inmate Michael Johnson was processing legal material for an employee while he was working in the ECF law library. (Ex. 1, Pg. 2)  At approximately 3:00 p.m., Officer

Munchie Keeton shook down the plaintiff and his work area in the law library and confiscated legal documents belonging to past and present inmates of ECF. (Ex. 2, Pg. 1) Officer Keeton escorted the plaintiff to the Shift Office, secured the legal work and continued to the living area of the plaintiff and shook down that area. (Ex. 2, Pg. 2) No contraband was found in the inmate's living area. At 4:00 p.m. the plaintiff was escorted to Officer Knox's office. (Ex. 2, Pg. 2) Officer Knox informed inmate Johnson he could not possess other inmates' legal material without approval and that he could assist other inmates with their legal work, but he could not charge for the assistance or exchange items for his legal assistance. (Ex. 1, Pg. 1)

Inmate Johnson informed Officer Knox that Warden Mosley had given him permission to do the other inmate's legal work. (Ex. 1, Pg. 2) Warden Mosley informed Officer Knox that she had allowed inmate Johnson to assist inmates with their legal work, but had not authorized plaintiff to possess other inmates' legal work. (Ex. 1, Pg. 2)

Inmate Johnson was placed in Dorm 6(A) (Hot Dorm) pursuant to ECF Standard Operating Procedure D47 pending disciplinary action violation of Rule 64 – Possession of Contraband. (Ex. 1, Pg. 2) On December 16, 2005, inmate Johnson was released from Dorm 6(A) and no corrective action was taken. (Ex. 1, Pg. 2)

**ARGUMENT**

**SUMMARY JUDGMENT STANDARD**

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party.

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleveneth Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

**I. The defendants did not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment because the plaintiff does not possess a liberty interest in being placed in certain areas within the prison**.

Due process is required when the State deprives a prisoner of a life, liberty, or property interest. *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999). To invoke the protections of the Due Process Clause, an inmate must possess a liberty interest that is

5

protected by the United States Constitution or in a state law or regulation. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In order for the State to confer a liberty interest, (1) the language of the state statute or regulation must restrict the prison official's discretion and (2) the interest must "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidence of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Austin v. Hopper*, 15 F.Supp.2d 1210, 1267 (M.D.Ala. 1998).

**II. Plaintiff has no liberty interest in where in the facility he is housed.**

Plaintiff has failed to state a claim because he has suffered no constitutionally significant harm, as he has no liberty interest in his prison assignment. The Due Process Clause only protects restraints that impose significant and atypical hardships on the inmate in relation to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that inmates had no liberty interest in being free from disciplinary segregation). It has been widely held that prisoners have no liberty interest in their classification status. *Meachum v. Fano*, 427 U.S. 215 (1976) (holding there is no liberty interest in being free from being transferred to a less agreeable prison); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest); *Moody v. Daggett*, 429 U.S. 78, 88 (1976) (noting that federal inmates have no liberty interest in eligibility for rehabilitative programs); *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.) *cert. denied*, 459 U.S. 1043 (1982) (holding prisoners do not state a due process claim by asserting that erroneous information was used in their parole decisions); *Johnson v. State*, 797 So.2d 1113, 1115 (Ala. Civ. App. 2001). In this case, plaintiff seeks a liberty interest in residing in a different location

within the prison. Plaintiff was in Dorn 6(A) for a total six days, inasmuch as he alleges he was place in the dorm on December 11, 2005, and Knox's affidavit shows he was released on December 16, 2005. As this is not a significant and atypical hardship in relation to the ordinary incidents of prison life, defendants are entitled to summary judgment.

The decision as to plaintiff's assignment within the prison was proper in any event, and it is entitled to judicial deference. As the Supreme Court has stated, federal courts "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile (prison) environment. (Citations omitted.) Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims since *Hewitt*." *Sandin* at 482-483.

**III. Defendants are immune from suit.**

Plaintiff's suit is barred under the doctrines of discretionary function and qualified immunity. Qualified immunity protects government officials from civil trials and liability when their conduct "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The defendants are also entitled to discretionary-function immunity, which protects the discretionary acts of state employees from suit unless a plaintiff can show the employee acted maliciously or in bad faith. *Taylor v. Adams*, 221 F.3d 1254, 1261 (11th Cir. 2000). As plaintiff has not shown that the defendants' acts violated clearly established law, or were done in bad faith, they are immune from suit.

To the extent that the plaintiff asserts his claims against the defendants in their official capacities, the claims must fail because the defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

**IV. Plaintiff's retaliation claim is without merit.**

Plaintiff makes the conclusory and vague claim that the defendants have retaliated against him. Courts have held that, "an act in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F2d 639, 644 (7th Cir. 1987) In this case, the plaintiff does not state what constitutionally protected activity in which he has engaged that allegedly caused the "retaliation of Knox and Keaton".

With liberal construction, the plaintiff may be stating that he has engaged the legally protected activity of jailhouse lawyering and the defendants have retaliated against him for such activity. In *Adams v. James*, 784 F2d 1077, 1081-1082 (11th Cir. 1986) the Court held:

> To summarize, we have stated three propositions concerning "jailhouse lawyering."
>
> First, an inmate may not oppose a change of circumstance because it will harm another inmate or other inmates who have used or wish to use the inmate's services. One or more inmate's preferences for a particular prison lawyer has no bearing on the administrative authority of prison officials over a prison lawyer's personal situation. We do not adopt the Seventh Circuit's view that the Supreme Court's willingness in *Johnson v. Avery* to hear an inmate's challenge to a blanket prohibition on writ writing entitles one identifiable inmate to raise the right of other inmates to a continuation of that inmate's services unless the state affirmatively shows alternative access. *See Buise*, 584 F.2d at 227-29. * 1082 To do so would obliterate the principle that prison officials control prison job assignments, cell assignments, and the like and would introduce a property interest akin to a lawyer's in the practice of law.

Officer Keeton had the plaintiff shaken down because he had information that the plaintiff was processing legal material for an employee, but instead it was discovered that he was in possession of other inmates' legal work. Plaintiff was found to have in his possession legal work of other inmates without approval as he was only authorized to assist other inmates with their legal documents without charge. He was placed in Dorm 6(A) pending disciplinary action for possession of contraband and was released in December 16, 2005, when the decision was made to take no corrective action. Defendant Keeton had no control over the placing of the plaintiff in Dorm 6(A).

Plaintiff has not alleged that either defendant has any animus or ill will toward him and his activity of assisting other inmates with legal work. In fact, his own complaint shows an investigation was had concerning whether he was receiving

9

payments contrary to the regulations for assisting inmates, a very valid penalogical interest.

Thus, plaintiff's allegation of retaliation fails. Because inmate claims alleging retaliation are subject to abuse, *Flaherty v. Coughlin*, 713 F2d 10, 13 (2nd Cir. 1983), retaliation claims "must be factual and mere conclusory allegations of unconstitutional retaliation will not suffice." *Adams v. James*, 797 F.Supp. 940, 948 (M.D. Fla. 1982)

**V. Plaintiff was in violation of Administrative Regulation 403, Rule 64.**

Rule 64 of Administrative 403 prohibits "The possession of any item not issued to the inmate by an ALDOC employee, sold in the Canteen Store, or approved by the Warden, to include possession of US currency in any amount, or items in excessive amounts."

Inasmuch, as plaintiff was found in possession of other inmates' legal documents and did not have the Warden's approval to possess said documents, the plaintiff is guilty of violating the plain meaning of this regulation.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

    Respectfully submitted,

    TROY KING
    Attorney General

    /s/ Jeffery H. Long
    Jeffery H. Long (LON015)
    Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 8th day of March, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

> Michael Johnson, AIS 146037
> Easterling Correctional Facility
> 200 Wallace Drive
> Clio, AL 36017-2615

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General