IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL A. JOHNSON, #146037            )
                                       )
    Plaintiff,                         )
                                       )
Vs.                                    )    CIVIL ACTION NO.2:05-CV-1238-WKW
                                       )
MUNCHIE KEATON, et.al.                 )
                                       )
    Defendants.                        )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Jeffery Knox</u>, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is <u>Jeffery Knox</u> and I am presently employed as a <u>Correctional Officer Supervisor II,</u> employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017. I am over twenty-one (21) years of age.

On December 8, 2005, at approximately 9:00 AM, I received some information that inmate Michael A. Johnson, B/146037 was processing legal material for an employee while he was working in the Facility Law Library. A search was conducted on inmate Johnson and his property. During the search, several other inmates' legal work was found in inmate Johnson's possession. I summoned inmate Johnson to my office and advised him that he could not possess other inmates' legal work without approval. I advised inmate Johnson that he could assist other inmates with their legal work but he could not charge the inmates or exchange any items for assisting them with the legal work.

EXHIBIT 1

Affidavit-Jeffery Knox
Civil Action No.2:05-CV-1238-WKW
Page 2

Inmate Johnson informed me that Warden Gwendolyn Mosley approved for him to do other inmates' legal work. I informed inmate Johnson that if Warden Mosley did not give him permission to possess the legal material, he would receive disciplinary action for possession of contraband. I contacted Warden Mosley and asked if she had given inmate Johnson permission to possess other inmates' legal material. Warden Mosley advised me that she instructed inmate Johnson to assist other inmates with their legal work, but he was not authorized to possess their legal materials. Inmate Johnson was placed in Dorm 6A (Hot Dorm) pending disciplinary action for violation of Rule #64 - Possession of Contraband.

On December 16, 2005, inmate Johnson was released from Dorm 6A and no corrective action was taken. At no time did I intentionally deny inmate Johnson from having access to the courts by placing him in Dorm 6A. Inmates assigned to dorm 6A have access to the Institutional Law Library. Inmate Johnson was placed in Dorm 6A for possession of other inmates' legal work without permission. Inmates are not allowed to complete any services for other inmates because the exchanging of store goods, stamps, or other materials has led to fights or requests for placement in Protective Custody due to some inmates not being able to provide goods for legal work being performed by other inmates.

_____
Jeffery Knox

Affidavit-Jeffery Knox
Civil Action No.2:05-CV-1238-WKW
Page 3

SWORN TO AND SUBSCRIBED TO before me this the 10th day of February, 2006.

_Linda E. Teal_
NOTARY PUBLIC

My Commission Expires: 7-15-07