PLAINTIFF'S EXHIBIT J

Declaration under penalty of perjury of Michael Johnson, AIS# 146037, being competent to make this declaration and having personal knowledge of the matters stated herein, declare pursuant to 28 U.S.C. section 1746:

(1) that on December 8, 2005, at approximately 3:00 PM Officer Munchie Keaton, COI, entered the law library and stated he needed to shake down the person of Michael Johnson, and the law library. I moved toward him, so he could accomplish the shake down of myself, and then allowed him in the area I was sitting.

(2) During the shake down Officer Bryant Gavins, COI entered, and Officer Keaton stated he was shaking down, and Officer Gavins, stated fine.

(3) I Michael Johnson noticed that there was concerned over some legal work which was on the shelf in the library. When asked what it was, I instructed him that most of those documents were inactive and never destroyed, and the remainder is active, and belongs to inmates seeking assistance. All legal work was confiscated. I further stated that any and all legal work that is active, has been properly documented on an inmate service agreement, verified and approved by the library supervisor, Officer Bryant Gavins, COI.

Defendant Keaton directed me to proceed to my dormitory assignment where he could shake down my living area. I waited in the lobby, until Defendant Keaton entered and existed the shift office.

Page two Affidavit of Michael Johnson
Exhibit J

After completing the dorm shake down, I was told to wait in the lobby of dorm seven for further instructions. Lt. Wilson, after approximately 30 minutes instructed me to report to the administrative building to see Captain Knox. Upon arrival there, I was asked what the legal work was? I asserted that most of it was old and never destroyed, and the rest I was to make an accessment for the inmate, which I haven't had a chance to do.

Defendant Knox stated, "You are not suppose to be doing legal work for inmates". He further stated "you are doing legal work for officers". I stated that is not true, I haven't done any legal work, nor have I been asked to do any legal work for an employee". Defendant Knox stated if you are not going to talk, I'll lock you up, report to Lt. Wilson."

Lt. Wilson, instructed me to leave, he would get back to me. On Sunday, December 11, 2005, I was placed in the restricted segregation unit of dorm 6A, with circumstances as follows:

"You inmate Michael Johnson, BM/146037, did have several inmates legal work in your area in the law library. Per Captain Knox, you did not have permission to do legal work for other inmates."

On thursday, December 15, 2005, at approximately 3:00 PM, I was sent to Defendant's Knox's office again. Defendant Knox asked once more about whether officers had asked about regulations or whether I aided them in legal matters? I again denied the allegations. Defendant knox stated, we searched you down looking for something else and we found this (indicating to the inmate's confiscated legal material), and that is the reason you are locked up.

I again explained that I had approval and form verification for the legal work by my supervisor, which has not been a problem since my arrival. Defendant Knox stated: "just because you have been doing it this way, doesn't mean it's right." I stated there are no written rules or regulations provided prohibiting this procedure, nor to support your contention. I was returned to segregation. on the same day, I was sent to the Shift Office, at approximately 8:00 PM. and served a informal disciplinary for "possession of contraband" Rule 64, under ADOC Administrative regulation # 414.

On December 15, 2005, I placed a hand mail request to Warden II, C. Davenport, advising him that Lt. Wilson had advised me that I would probably see Warden III G. Mosley about this matter. However, if the disciplinary came to him for approval/disporval would he please consider the fact that Johnson has "Inmate Service Agreements" for legal work in his possession. Warden Davenport on a written reply stated; "No consideration given".

On december 19, 2005, at approximately 4;00 PM, I was sent to Warden III Mosley's Office, where I explained the incident. Warden Mosley indicated she would expunge the disciplinary and release me to population.

I have read the allegations of Defendant Knox, where he has stated he received information that at 9:00 AM on December 8, 2005, I was in the law library processing legal material for an

employee. This is false. Also, I was not in the library at 9:00 AM on December 8, 2005. The library was opened at 12:00 PM by Officer Bryant Gavins, COI, and in operation under his supervision. I have reviewed the Daily Function Sheet, and all logs maintained by the library for December 8, 2005, and have verified these times to be accurate.

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2006.

_____
Michael Johnson