RECEIVED
2006 APR 12 A 10: 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, #146037, | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2@:05-CV-1238-WKW |
| MUNCHIE KEATON, AND | ) |
| JEFFERY KNOX, | ) |
| DEFENDANTS. | |

### MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION

COMES NOW the Plaintiff, Michael Johnson, by and through himself and moves this Honorable Court to <u>reconsider</u> it's order of March 29, 2006, denying Plaintiff's <u>"Motion for Production of Documents"</u> submitted to the defendants. Plaintiff states as follows:

This Court summarily denied Johnson's Motion stating it was either irrelevant to a determination of the claims presented in the complaint or would be cumulative to evidentiary materials submitted by the defendants. This assertion is without merits on most requests made by the Plaintiff.

Plaintiff request to produce item (1) of his motion for Production of Documents (hereafter referred to as Motion), request the production of the Shift duty Post Assignment for december 8, 2005. this document is not irrelevant not is it cumulative to evidentiary materials submitted.

Johnson demonstrated that he was retaliated against for his legal activities, that he did not violate a rule infraction of the ADOC, or the Easterling Correctional Facility; that defendants breached security of the institution in an attempt to fabricate a false charge against Johnson; and that defendants fabricated the facts submitted to this Court. Item # 1 of Motion will demonstrate a personal and direct bias toward Johnson without regard to institutional security.

Item number (2) of motion cannot be said to be cumulative or irrelevant where legal documents of persons listed were deemed contraband as reflected to this Court by the defendants, yet, Johnson alleges a conspired efforts on defendants to sway this Court by the defendants, yet, Johnson alleges a conspired effort on defendants to sway this Court with fabricated facts unsupported by proper documentation, and against clearly ADOC Administrative Regulation #306.

Item number (3) of the Plaintiff's motion will demonstrate

again that security of the institution was compromised in an effort to fabricate charges against Johnson for his legal activities.

Item number (4) of the Plaintiff's motion is very relevant to the claims submitted in the complaint, where it is the defendants who allege that rule/regulations exist deeming legal documents as contraband, or that permission need be obtained to aide inmates in their legal activities. No such regulation has been submitted to this court.

Item number 5, Plaintiff's motion clearly demonstrate that it is relevant where Plaintiff supported the need of review of these items throughout his argument in his opposition, and even cited where defendants relied upon the same without submitting these materials to this Court.

Item number (6) is also very relevant and a requirement of ADOC's own regulation #306 and should have been a part of the evidentiary materials submitted to this court.

## DISCUSSION

These documents are critical to the lawsuit, and under the federal Rules of civil Procedure 34, it allows for copies to be obtained. this Court should be more inclined to review the same where defendants have deceived this court with false facts.

The defendant should have been allowed to respond to Plaintiff's request and said response should have stated, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

Plaintiff need to have in his possession copies of all documents that is believed to be helpful to his case. See Fed.R.Civ.P. 34.

Wherefore, the premises considered the Plaintiff prays this Court reconsider it's order of March 29, 2006, and grant Plaintiff's Motion for Production, hereby granting the same.

Dated: April 7, 2006

Respectfully submitted,

*Michael Johnson* (signature)

Michael johnson
146037
200 Wallace Drive
Easterling      Correctional
Clio, Alabama 36017-2615

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the same upon the Office of the Assistant Attorney General, by placing a copy of the same in the United Sates Mail, postage prepaid on this 10 day of April, 2006.

*Michael Johnson* (signature)
Plaintiff