IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA.

RECEIVED

2006 DEC -7 A 9:55

A.P. HACKETT, CL
DISTRICT COURT
LE DISTRICT ALA

MICHAEL JOHNSON,
   Plaintiff,

Vs.

JEFFERY KNOX, et al.,
   Defendant.

CIVIL ACTION NO:
CV-1238-WKW

## AMENDED COMPLAINT

Comes now the plaintiff, Michael Johnson by and through himself in the above entitled cause and moves this Honorable after requesting Leave by this Court as stated in plaintiff's "Motion To Amend And/Or Supplement Plaintiff's Complaint" plaintiff states the following in support:

I

The defendant's aggression against him by segregating him for an unsupported and false claim of aiding, preparing and/or perfecting work for an employee violates Equal Protection of Law whereas the act upon plaintiff was in retaliation and for punishment which is more severe toward him than other inmates.

   Violation of the Fourteenth Amendment to the United States Constitution.

## FACTS SUPPORTING CLAIM

Johnson was searched down, on December 8, 2005, after being accused of doing work for an unnamed employee, information was said to be received again from an unnamed confidential informant no evidence supporting this false claim was found, yet Johnson was subsequently segregated from general population.

On or about September 25, 2006, evidence was confiscated from the institutional chapel in the form of two computor dish

demonstrating that inmate Darin Swearinger AIS# 206774, was preparing work for an employee; Laundry Manager Johnnie Mae Matthews. Inmate Darin Swearinger admitted to the offense and he was not placed in segregation or charged with a disciplinary infraction as did Johnson. Yet in Johnson's case no evidence supporting the defendant's claim were found.

The difference in these cases is plaintiff Johnson is a black male where nothing was found supporting the alleged claim yet Johnson was disciplined anyway. Inmate Swearinger is a white male where evidence was found supporting such an allegation and this led to inmate Swearinger admitting to the allegations, he was not disciplined.

## DISCUSSION

The Fourteenth Amendment prohibits the government from intentionally denying a person the equal Protection of the law. As a general matter, the Equal Protection Clause requires government officials to treat similarly situated people alike.

Officials need a much stronger reason to treat people differently because of their race or national origin. Racial discrimination violates the constitution unless it is necessary to serve a compelling state interest by least restrictive means available.

## II

THE DEFENDANT HAVE AGAIN RETALIATED AGAINST THE PLAINTIFF FOR FILING A CIVIL ACTION AGAINST THEM IN THE FORM OF A 1983 CIVIL RIGHTS COMPLAINT.

## FACTS IN SUPPORT

On November 16, 2006, at approximately 5:30 P.M. the plaintiff was approached by defendant Keaton while at his assigned bed and he (Keaton) asked "why do you have legal work in Anthony Reese's locker box?" I stated "I do not have any legal work in anyone's box, or any other place other than the small amount I have for myself in my locker box."

Officer Keaton then instructed me that this was a shake-down and he shook down my person and then my bed and locker box. Officer Keaton didn't instruct me that he had a key belonging to my lock; that he had already open my box out of my pressence; and he did not return my key.

I learned of him (Keaton) having a key and opening my lock after shaking me down. Anthony Reese instructed me that officer Keaton had confiscated my key, which he still has.

Also, Anthony Reese informed me (Johnson) that prior to shaking me down, he had been shook down by officer Keaton where he indicated that I (Johnson) had filed a law suit against him and Captain Knox, about legal work. He further stated he (Reese) felt as if he was being asked to say the legal work in his box was connected to Johnson.

Prior to shaking Johnson down officer Keaton traveled to the shift office and placed a phone call to Captain Knox, then preceded to shake Johnson down.

The First Amendment prohibits jail offiocials from retaliating against inmates who report complaints, file grievances, or file law suits. See CREWFORD EL. Vs. BRITTON, 523 U.S. 574, 588 (1988).

The retaliation measures by the defendant have gotten so bad, not only do they conspire with one another in planning shake down measures,but make great effort in attempting to connect Johnson to legal work being held by other inmates, and further attempting to pressure inmates in stating that Johnson has something to do with legal work, just as done in attempting to get several inmates to state that Johnson charged them for legal services. (See Opposition to the Defendant's Special Report), pages 7, 8 and 9.

This is a continued effort between defendant, where it is shown that they (defendant) constantly conspire against Johnson. Officer Keaton didn't confer with his immediately supervisor while in the shift office concerning the shake-down of Johnson, but called to the Administative Building to Captain Knox.

This is a continued effort attepting to punish Johnson for the filing of his Civil Action against them.

                        Respectfully Submitted,

                        /s/ Michael Johnson
                        Michael Johnson
                        146037 (ECF 7A-98)
                        200 Wallace Drive
                        Clio, Alabama 36017

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the office of the Attorney General, by placing a copy of the same in the Prison Mail Room for United States Mail on this ___1st___ day of ___December___, 2006.

                        /s/ Michael Johnson
                        Plaintiff