IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, #146037, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-1238-WKW |
| ) | (WO) |
| MUNCHIE KEATON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

On August 13, 2008, the Magistrate Judge filed a Recommendation (Doc. # 28) that Defendants' motion for summary judgment be granted on Plaintiff Michael Johnson's ("Johnson") claims which are brought pursuant to 42 U.S.C. § 1983. Having received an extension of time to file any objections to the Recommendation (Doc. # 30), Mr. Johnson timely filed an Opposition (Doc. # 31), which the court construes as an Objection made pursuant to 28 U.S.C. § 636(b)(1)(C).

The bulk of Mr. Johnson's Objection challenges an Order issued on March 29, 2006 (Doc. # 18), denying a request for production of documents, and an Order entered on December 7, 2006 (Doc. # 24), denying Mr. Johnson's motion to amend to add claims for relief which occurred several months after initiation of this lawsuit. Notably, Mr. Johnson did not object to these orders at the time they were entered. Not only are his present objections to those orders untimely, but Mr. Johnson also has failed to demonstrate that the

Magistrate Judge's rulings on these pretrial matters are either clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).

Furthermore, having conducted an independent and *de novo* review, the court finds that Mr. Johnson's other objections fail to undermine the proposed findings and recommendations of the Magistrate Judge.  *Id.*  For example, addressing Mr. Johnson's First Amendment retaliation claim, the Magistrate Judge's recommendation emanates, in part, from facts garnered from Captain Jeffery Knox's affidavit, in particular, Captain Knox's statement that "Warden Mosley advised [Captain Knox] that she instructed inmate Johnson to assist other inmates with their legal work, but he was not authorized to possess their legal materials."  (Doc. # 28 at 8, 10, 14.)  In his objection, Mr. Johnson asserts that the court should not consider any statements made by the Warden because those statements were introduced through an affidavit from Captain Knox.  (Doc. # 31 at 3.)  The court interprets Mr. Johnson's argument as an objection on hearsay grounds.  This argument, however, fails.

Rule 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  The court finds that the Warden's statements to Captain Knox are not offered to prove the truth of the matter asserted.  Rather, analogous to an officer's consideration of third-party information on the question of probable cause, the court finds that the Warden's statements are offered to show the effect that the information had on Captain Knox's assessment of whether cause existed to initiate disciplinary action against

Mr. Johnson and, more specifically, whether to place Mr. Johnson in the restricted privilege dorm. *See Woods v. City of Chicago*, 234 F.3d 979, 986-87 (7th Cir. 2000) (third-party statements describing altercation between putative assault victim and arrestee admissible "not for their truth, but to show the effect that the statements had on the [arresting] officers[']" determination of probable cause); *see also* Fed. R. Evid. 803(3) (state of mind exception to hearsay rule). It is this limited purpose for which the court finds that it may consider Mr. Knox's testimony concerning the Warden's statements. Even assuming for the sake of argument that the Warden's statements to Mr. Knox are inadmissible hearsay, Mr. Johnson could not prevail on his First Amendment retaliation claim because the Magistrate Judge's alternative findings (Doc. # 28 at 15-20) independently support the entry of summary judgment in Defendants' favor. Mr. Johnson simply has failed to carry his burden to defeat Defendants' properly supported motion for summary judgment; he has not demonstrated that a genuine issue of material fact exists for trial on any of his claims.

Accordingly, it is the ORDER, JUDGMENT and DECREE of the court that:

1.    Mr. Johnson's Objection (Doc. # 31) is OVERRULED.

2.    The Magistrate Judge's Recommendation (Doc. # 28) is ADOPTED.

3.    Defendants' motion for summary judgment is GRANTED (Doc. # 14) and this action is DISMISSED with prejudice.

4.    The costs of this proceeding are TAXED against Mr. Johnson for which let execution issue.

An appropriate judgment will be entered.

DONE this 29th day of September, 2008.

/s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE